UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENA FERGUSON, | |
| Plaintiff, | |
| -against- | 1:26-CV-2785 (LTS) |
| AMERICAN AIRLINES; CWA UNION, | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jena Ferguson, of New York, New York, brings this action *pro se*, asserting

claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title

VII"). In her amended complaint,[1] Plaintiff names as defendants: (1) American Airlines ("AA"),

her former employer; and (2) "CWA Union" ("CWA"), which appears to be her union. The Court

understands Plaintiff's amended complaint as actually asserting claims of race-based

discrimination under Title VII and under 42 U.S.C. § 1981, claims under the Family and Medical

Leave Act of 1993, and claims under state law.

For the reasons discussed below, the Court transfers this action to the United States

District Court for the Northern District of Texas.

## DISCUSSION

The applicable venue provision for Plaintiff's claims under Title VII is found at 42 U.S.C.

§ 2000e-5(f)(3), which provides that such claims may be brought in a United States District

Court for:

> any judicial district in the State in which the unlawful employment practice is
> alleged to have been committed, in the judicial district in which the employment
> records relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked but for the

---

[1] Plaintiff's amended complaint (ECF 3) is the operative pleading for this action.

alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The applicable venue provision for Plaintiff's remaining claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[2] § 1391(c)(1), (2).

With respect to Plaintiff's claims under Title VII, Plaintiff does not clearly specify where the alleged unlawful employment practice(s) occurred. But it appears that at least some of them occurred in Fort Worth and/or in Dallas, Texas, where Plaintiff was apparently employed by AA

---

[2] For venue purposes, with respect to the residence of a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

(*see* ECF 3, at 5, 14), within the Northern District of Texas, *see* 28 U.S.C. § 124(a).[3] Thus, a federal district court for any judicial district within the State of Texas, including the United States District Court for the Northern District of Texas, would appear to be a proper venue for Plaintiff's claims under Title VII. *See* § 2000e-5(f)(3).

In addition, it would seem that that court would also be a proper venue for those claims because: (1) Plaintiff worked at an AA location in Fort Worth and/or in Dallas (*see* ECF 3, at 5, 14), within that judicial district, and, therefore, relevant employment records would likely have been maintained and administered there (perhaps, among other locations); and (2) it appears that, at that location (perhaps, among other locations), Plaintiff would have worked but for the alleged unlawful employment practice(s) (*see id.*). Plaintiff, however, alleges nothing to suggest that this court is a proper venue for her claims under Title VII; she does not allege anything suggesting that any of the circumstances articulated in Title VII's venue provision (Section 2000e-5(f)(3)) occurred or are located within this judicial district.[4]

With respect to Plaintiff's remaining claims, Plaintiff does not provide any facts showing that both AA and CWA reside within the State of New York and that at least one of them resides within this judicial district. Thus, it seems clear from the face of the amended complaint that this court is not a proper venue for her remaining claims under Section 1391(b)(1). In addition, Plaintiff alleges nothing to suggest that any of the alleged events or omissions giving rise to her

---

[3] Plaintiff also seems to allege that, at one point, she may have been employed by AA at a location in Cary, North Carolina (ECF 3, at 14), which is located in both the Eastern and Middle Districts of North Carolina, *see* 28 U.S.C. § 113(a), (b), and that, during that period, she resided in Morrisville, North Carolina (*see* ECF 3, at 14, 18).

[4] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

remaining claims occurred within this judicial district. As alluded to above, however, Plaintiff alleges facts showing that at least some of the alleged events or omissions giving rise to her remaining claims occurred in Fort Worth and/or in Dallas, Texas (*see* ECF 3, at 5, 14), within the Northern District of Texas, *see* § 124(a). Thus, while it is not clear that, under Section 1391(b)(2), this court is a proper venue for Plaintiff's remaining claims, it seems that, under that provision, the United States District Court for the Northern District of Texas is a proper venue for those claims.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Northern District of Texas would appear to be appropriate for this action because at least some of the alleged events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Texas and it is reasonable to expect that relevant documents and witnesses would be located

4

there. The United States District Court for the Northern District of Texas, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 4, 2026
         New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

5